FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 14 2020

JAMES W. McCORMACK, CLERK
By:_____  DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TYLER WOLFE and STEVE NICHOLAS,
Each Individually and on Behalf of All
Others Similarly Situated                                              PLAINTIFFS

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ray

vs.                                     No. 4:20-cv-156-LPR

AFFORDABLE ROOTER SERVICE, LLC,                              DEFENDANTS
and BRENT BOGAN

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Tyler Wolfe and Steve Nicholas (collectively "Plaintiffs"), each individually and on behalf of all others similarly, by and through their attorneys Lydia H. Hamlet and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Affordable Rooter Service, LLC, and Brent Bogan (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all similarly situated employees who were employed by Defendants at any time within a three-year period preceding the filing of this Complaint

2. Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees

as a result of Defendants' failure to pay Plaintiffs and all others similarly situated overtime compensation for all hours that Plaintiffs and all others similarly situated worked in excess of forty (40) per workweek.

## II.   JURISDICTION AND VENUE

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

5.     The acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

7.     Plaintiff Wolfe is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

8.     Plaintiff Nicholas is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

9.     At all times relevant to the allegations in this Complaint, Plaintiffs were piece-rate paid employees at Defendants' plumbing business in Arkansas.

10. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

11. Defendants are "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiffs' employers.

12. Defendant Affordable Rooter Service, LLC ("Affordable Rooter"), is a domestic limited liability company with its principal place of business in Bryant, Arkansas.

13. Affordable Rooter has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

14. Affordable Rooter's registered agent for service of process is Brent Bogan, at 2803 Arbors Circle, Bryant, Arkansas 72022.

15. Defendant Brent Bogan ("Bogan") is the owner, principal, director, and/or officer of Affordable Rooter.

16. Bogan manages and controls the day-to-day operations of Affordable Rooter and dictates the employment policies of Affordable Rooter, including but not limited to the decision to not pay Plaintiffs an extra premium for hours worked in excess of forty per week.

### IV.   FACTUAL ALLEGATIONS

17. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

18. Plaintiff Wolfe ("Wolfe") is a citizen of the United States and a resident and domiciliary of Pulaski County.

19. Wolfe worked for Defendants as a Drain Technician from 2016 until June of 2017, and from October of 2018 to December of 2019.

20. Plaintiff Nicholas ("Nicholas") is a citizen of the United States and a resident and domiciliary of Saline County.

21. Nicholas worked for Defendants as a Drain Technician from September of 2017 to September of 2018.

22. Defendant operates a drain cleaning business and employs Drain Technicians such as Plaintiffs to go on service calls to Defendant's customers on Defendant's behalf.

23. At all relevant times herein, Defendant directly hired Drain Technicians to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Defendant paid Drain Technicians on a piece-rate basis for each service call they completed.

25. Defendant paid Drain Technicians around 37%[1] of the cost of each service call. For example, if the customer paid $100.00, the Drain Technician would receive $37.00 for that service call, regardless of how long it took to complete the service.

26. Each service call took between 30 and 120 minutes to complete.

---

[1] Although Drain Technicians may have received different rates than other Drain Technicians employed by Defendant, all were paid on a piece-rate basis based on a percentage of the cost of each service call.

27. Plaintiffs and similarly situated Drain Technicians were frequently required to complete around fourteen service calls per day.

28. Additionally, Plaintiffs were required to go to hardware stores such as Lowe's or Home Depot to buy supplies with the company credit card such as wax rings and bolts.

29. Plaintiffs and similarly situated Drain Technicians frequently worked around seventy hours per week.

30. Defendant did not pay Plaintiffs or similarly situated Drain Technicians an overtime premium for hours worked over forty per week.

31. Plaintiffs and similarly situated Drain Technicians never crossed state lines in the course of their employment.

32. Plaintiffs and similarly situated Drain Technicians did not have authority to hire or fire employees.

33. Plaintiffs and similarly situated Drain Technicians did not have the opportunity to negotiate their wages.

34. Plaintiffs and similarly situated Drain Technicians could not refuse assignments.

35. Defendants did not pay Plaintiff or similarly situated employees any overtime premium for hours worked in excess of forty per week.

36. At all relevant times herein, Defendants have deprived Plaintiffs and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

37.     Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

38.     Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated hourly employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.      Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

B.      Liquidated damages; and

C.      Attorney's fees.

39.     In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

40.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

41.     Plaintiffs propose the following class under the FLSA:

**All Drain Technicians in the past three years.**

42.     The proposed FLSA collective members are similarly situated in that they share these traits:

A.      They were paid on a piece-rate basis;

B. They were not paid an overtime premium for all hours worked in excess of forty (40) per week;

C. They regularly worked more than forty (40) hours per week; and

D. They had the same or similar job duties.

43. Plaintiffs are unable to state the exact number of the class but believe that the class exceeds five (5) persons.

44. Defendants can readily identify the members of the Section 16(b) class, which encompasses all piece rate employees who worked as Drain Technicians within the relevant time period.

45. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

46. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiffs assert these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all relevant times, Defendants have been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

Page 7 of 10
Tyler Wolfe, et al. v. Affordable Rooter Service, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-____
Original Complaint—Collective Action

49. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. Defendants classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

53. Defendants' failure to pay Plaintiffs all overtime wages was willful.

54. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

55. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57. At all relevant times, Defendants have been an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

58. Defendants classified Plaintiffs and all others similarly situated as nonexempt from the overtime requirements of the FLSA.

59. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiffs and those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

60. Defendants willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

61. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Tyler Wolfe and Steve Nicholas, each individually and on behalf all others similarly situated and members of the proposed Section 216 collective, respectfully pray as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective members;

C. For an order of this Honorable Court entering judgment in Plaintiffs' favor against Defendants for actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA;

E. For attorneys' fees, costs, and pre-judgment interest; and

F. For such other relief as this Court deems just and proper.

Respectfully submitted,

**TYLER WOLFE and STEVE NICHOLAS,
Individually and on Behalf of All
Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TYLER WOLFE and STEVE NICHOLAS,** **PLAINTIFFS**
**Each Individually and on Behalf of All**
**Others Similarly Situated**

vs.     No. 4:20-cv-_____

**AFFORDABLE ROOTER SERVICE, LLC,**   **DEFENDANTS**
**and BRENT BOGAN**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a piece-rate paid worker for Affordable Rooter Service, LLC, and Brent Bogan within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_/s/ Tyler Wolfe_
**TYLER WOLFE**
February 14, 2020


Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TYLER WOLFE and STEVE NICHOLAS,**  **PLAINTIFFS**
**Each Individually and on Behalf of All**
**Others Similarly Situated**

vs. No. 4:20-cv-_____

**AFFORDABLE ROOTER SERVICE, LLC,** **DEFENDANTS**
**and BRENT BOGAN**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a piece-rate paid worker for Affordable Rooter Service, LLC, and Brent Bogan within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**STEVE NICHOLAS**
February 14, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**