## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

TYLER WOLFE and STEVE NICHOLAS,
Each Individually and on Behalf of All
Others Similarly Situated                                                              PLAINTIFFS

V.                                        NO. 4:20-cv-156-LPR

AFFORDABLE ROOTER SERVICE, LLC,
and BRENT BOGAN                                                                       DEFENDANTS

### MOTION FOR LEAVE TO FILE AMENDED ANSWER AND INCORPORATED BRIEF IN SUPPORT THEREOF

Come now Defendants, Affordable Rooter Service, LLC ("Affordable Rooter") and Brent Bogan ("Bogan") by and through their counsel, Barber Law Firm, PLLC, pursuant to Rule 15 and local rule 5.5(e), and for their Motion For Leave To File Amended Answer And Incorporated Brief In Support Thereof, do hereby state as follows:

1. The Court entered its Final Scheduling Order on June 2, 2020, setting a deadline by which to amend pleadings of November 18, 2020. (ECF 8).

2. Rule 15 of the Federal Rules of Civil Procedure requires that a party seek leave of court to amend its pleadings when 21 days have expired since the filing of the initial pleading. In this case, Defendants filed their original Answer on March 11, 2020. (ECF 3). Defendants now request leave of this Court to file an Amended Answer to add the following affirmative defense:

> *Plaintiffs' claims are barred, in whole or in part, because the overtime obligations set forth within the FLSA are inapplicable to plaintiffs under 29 U.S.C. §213(a)(1) as they are employed as bona fide outside sales employees.*

3. Rule 15 states that "[t]court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

4. Additionally, a district court may refuse to grant leave to amend a pleading where it will result in undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Dennis v. Dillard Dep't Stores, Inc.* 207 F.3d 523, 525 (8th Cir. 2000). Delay alone is insufficient to deny a motion to amend, rather the opposing party must show it will be unfairly prejudiced. *Id.*

5. In the case at bar, the deadline to amend pleadings has not passed. (ECF 8). Nor has the case been certified as a collective action yet. This motion is not made for any dilatory purpose, there is no undue delay, and there is no bad faith on the part of Defendants in raising this affirmative defense at this time. Instead, Defendants seek to assert one additional affirmative defense within its Amended Answer (See Exhibit "A", para. 18), and Plaintiffs will have ample opportunity to conduct discovery regarding that affirmative defense.

WHEREFORE, Defendants respectfully request the Court grant their motion and allow them to file an Amended Answer raising the affirmative defense described herein, and for all other relief to which they are entitled.

Respectfully submitted,

S. Brent Wakefield    AR BIN 99144
BARBER LAW FIRM PLLC
Attorneys for Defendant
3400 Simmons Tower
425 West Capitol Avenue
Little Rock, AR 72201-3414
(501) 372-6175
E-Mail: brent.wakefield@barberlawfirm.com